IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PETER HOEKSTRA, et al., * | |
| * | |
| Plaintiffs * | |
| * | |
| vs. * | CIVIL NO. 04-1044 (JP) |
| * | |
| ROYAL CARIBBEAN CRUISES, LTD., * | |
| et al., * | |
| * | |
| Defendants * | |
| * | |

**O R D E R**

The Court has before it Defendants' "Notice of Appeal from the Magistrate Judge's Order of August 17, 2005 (docket No. 61) and the Order of August 23, 2005 (docket No. 62)" (**docket No. 63**), as well as Plaintiffs' opposition thereto.  Defendants argue that Magistrate Judge Aida Delgado, to whom this case had been referred by the then-presiding Hon. Jay García-Gregory, exceeded her authority in denying Defendants' motion to dismiss due to Plaintiffs' failure to prosecute and erred in ordering that Plaintiffs be deposed via video teleconferencing.

An appeal from an order of a magistrate judge is subject to objection and reversal by the Court if the Magistrate's order is clearly erroneous or contrary to the law.  See Fed. R. Civ. P. 72(a); see also Sunview Condominium v. Flexel Int'l, 116 F.3d 962, 964 (1 Cir. 1997).  Upon examination of the record before it, the Court hereby **AFFIRMS** the decisions of the Magistrate Judge.

The court may upon motion order that a deposition be taken by telephone or other remote electronic means.  Fed. R. Civ. P. 30(b)(7).  Because Plaintiffs reside and work in Holland, video teleconferencing would appear to be the most convenient and cost-

CIVIL NO. 04-1044 (JP)          2


efficient means of taking Plaintiffs' depositions, and the Court is not convinced by Defendants' arguments to the effect that a deposition taken via video teleconferencing in any way prejudices them.  Furthermore, the Court has examined Defendants' motion to dismiss for failure to prosecute and finds no clear error on the part of the Magistrate Judge in denying it.  Said motion was premised entirely on matters involving the discovery proceedings in this matter, which the Magistrate Judge was presiding over at the time in that she was charged with overseeing the first Initial Scheduling Conference.  In the motion and its supplementary filings, Defendants argued for dismissal of the action due to disputes with Plaintiffs over the scheduling and taking of depositions.  The Court finds that disputes over discovery matters fall within the purview of the Magistrate Judge's role in this matter, and the Court fails to find any indication of clear error in her determination to deny the motion to dismiss due to Plaintiffs' failure to prosecute.  Therefore, the Court **DENIES** Defendants' appeal (**docket No. 63**) and hereby **AFFIRMS** the decision of the Magistrate Judge.  The Court shall set a date for Plaintiffs' deposition at the Initial Scheduling Conference to be held on this same date.

    **SO ORDERED.**

    In San Juan, Puerto Rico, this 3rd day of November, 2005.


                                        S/ Jaime Pieras, Jr.
                                           JAIME PIERAS, JR.
                                  U.S. SENIOR DISTRICT JUDGE